UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 06-92 |
| BRIAN EXPOSE | SECTION: "J" |

### ORDER AND REASONS

Before the Court are the following four motions: (1) **Motion for Identification of Exculpatory Evidence and Impeachment Evidence (Rec. Doc. 61)**; (2) **Motion for Production of Grand Jury Transcripts (Rec. Doc. 62)**; (3) **Motion for Early Disclosure of Jencks Act Material (Rec. Doc. 63)**; and (4) **Motion for Pre-Trial Disclosure of all evidence Which the Government Intends to Offer Pursuant to Rule 404(b) of the Federal Rules of Evidence (Rec. Doc. 64)**. The Government opposed these motions, which were set for hearing on March 21, 2007, without oral argument.

**(1)  Motion for Identification of Exculpatory Evidence and Impeachment Evidence (Rec. Doc. 61):**

Defendant has requested that this Court order the Government to identify and produce exculpatory and impeachment evidence at least 72 hours prior to trial for inspection and copying. Defendant lists several places that such evidence may be found. (See motion, pp. 1-3). Defendant also requests several categories of evidence pursuant to Rule 16 of the Federal Rules of Criminal Procedure. (See motion, pp. 3-4).

In opposition, the Government notes that it has already provided Defendant with over 100 pages of discovery, containing police incident reports, Defendant's criminal history, various lab analyses, and Defendant's oral statements that were not recorded. The Government claims this discovery complied with Rule 16 of the Federal Rules of Criminal Procedure. The Government claims it is aware of its obligations under <u>Brady v. Maryland</u> and will disclose all exculpatory evidence of which it is aware. The Government claims it is currently unaware of any such evidence. The Government also claims that according to <u>Giglio v. United States</u>, it will provide applicable impeachment information relating to witnesses "at an appropriate time" and will attempt to complete any such disclosure within 48 hours before trial as it claims is custom in this jurisdiction. As for Defendant's request for the Government to produce documents pursuant to Rule 16, the Government refers Defendant to the discovery already produced and claims that it is either unaware of the existence of such evidence or it has already been produced.

In the March 22, 2007 pre-trial minute entry, this Court ordered as follows:

> The Government shall provide Jencks and Giglio material by noon on Friday, April 13, 2007, unless the Government in good faith and in the exercise of due diligence is unaware of such material at that time, in which case it will be turned over 24 hours prior to trial.

(Rec. Doc. 78).

Here, the Government claims it is unaware of <u>Brady</u> evidence and claims that it has previously complied with Rule 16 in its past document productions. As for the <u>Giglio</u> material, this Court sees no reason to depart from its standard order that is quoted above. Thus, Defendant's motion should be denied.

**(2) Motion for Production of Grand Jury Transcripts (Rec. Doc. 62):**

Defendant has requested that this Court order the Government to produce the transcripts of the Grand Jury proceedings at least 72 hours prior to trial for inspection and copying. Defendant admits that this decision is discretionary and that to prevail, he must show a "particularized need" that outweighs the policy of secrecy surrounding the proceedings. Defendant claims the production of these transcripts is necessary for the preparation of his defense. Defendant claims that denying him these transcripts would deprive him of a fair trial and liberty without due process of law. He also claims that timely inspection of these transcripts is necessary to prevent suppression of constitutionally protected material. Defendant claims there is little, if any, public interest against producing the transcripts to him.

In opposition, the Government claims Defendant has not shown a "particularized need" for disclosing this information. The

3

Government contends that Defendant's argument that the disclosure would offer a chance to dismiss the indictment based on some potential abuse is not sufficient to state a particularized need for the production of the transcripts. The Government claims the pre-trial disclosure of the entire Grand Jury transcript is not proper.

The proper functioning of the grand jury system depends upon the secrecy of the grand jury proceedings. <u>United States v. Miramontez</u>, 995 F.2d 56, 59 (5th Cir.1993), <u>citing</u> <u>Douglas Oil Co. v. Petrol Stops Northwest</u>, 441 U.S. 211, 218 (1979). A party seeking disclosure must show a "particularized need" for the materials that outweighs the policy of secrecy. <u>Id.</u>, <u>citing</u> <u>Pittsburgh Plate Glass Co. v. United States</u>, 360 U.S. 395, 400 (1959). Here, Defendant has shown no "particularized need" for these transcripts. This Court will not allow Defendant access to these transcripts so that he may embark on a fishing expedition. This motion should be denied.

**(3) Motion for Early Disclosure of Jencks Act Material (Rec. Doc. 63):**

Defendant requests that this Court order the Government to produce <u>Jencks</u> Act material no later than 48 hours prior to trial.

In opposition, the Government claims that Defendant is only entitled to this information after "the witness has testified on direct examination in the trial of the case." 18 U.S.C. § 3500.

Thus, the Government asserts that Defendant's motion should be denied.  On the other hand, the Government claims it is aware of its obligation under the Jencks act and asserts that it will "make every effort to provide Jencks material to defense counsel within 48 hours of trial, as is local custom in this jurisdiction.

The Court's previously-issued standard pre-trial minute entry provides:

> The Government shall provide Jencks and Giglio material by noon on Friday, April 13, 2007, unless the Government in good faith and in the exercise of due diligence is unaware of such material at that time, in which case it will be turned over 24 hours prior to trial.

(Rec. Doc. 78).  The Jencks Act does not require earlier disclosure of witness statements.  Thus, Defendant's motion should be denied.

**(4) Motion for Pre-Trial Disclosure of all Evidence Which the Government Intends to Offer Pursuant to Rule 404(b) of the Federal Rules of Evidence (Rec. Doc. 64):**

Defendant requests that this Court order the Government to disclose prior to trial all evidence that it intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence. Defendant specifically states what such disclosure should include.  (See motion, pp. 1-2).

In opposition, the Government notes that rather than simple notice, as required by Rule 404(b), Defendant has requested

numerous items, including names and addresses of all persons witnessing any extrinsic acts. The Government contends that all Rule 404(b) requires is "reasonable notice in advance of trial" of its *intent* to introduce this evidence. The Government also has agreed to provide copies of all documents that it intends to offer in support of this evidence pursuant to Rule 16. The Government contends that neither Rule 16 nor Rule 404(b) requires the names and addresses of witnesses, and Defendant is not entitled to that information.

>	Rule 404(b) of the Federal Rules of Evidence states:

>>	Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

The Advisory Committee Notes, 1991 Amendments, to Rule 404(b) state the following regarding timing of notice:

>	The Rule expects that counsel for both the defense and the prosecution will submit the necessary request and information in a reasonable and timely fashion. Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case. Compare Fla.Stat.Ann. § 90.404(2)(b) (notice must be given at least 10 days before trial) with Tex.R.Evid. 404(b) (no

6

time limit).

"The 404(b) notice requirement does not dictate that the government produce documents or specific evidence which it intends to introduce at trial." U.S. v. Ferrouillet, 1996 WL 665767, *1 (E.D. La. Nov. 15, 1996), citing U.S. v. Williams, 792 F. Supp. 1120, 1134 (S.D. Ill. 1992).  The rule states, in pertinent part, " . . . upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial."  F.R.E. 404(b).

Given the fact that the rule does not specify a time limit, this Court concludes that the Government shall inform Defendant of Rule 404(b) evidence it intends to use by the April 13, 2007, the Friday before the trial.  Otherwise, Defendant's motion is denied.
Accordingly,

**IT IS ORDERED** that the **Motion for Identification of Exculpatory Evidence and Impeachment Evidence (Rec. Doc. 61)** should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the **Motion for Production of Grand Jury Transcripts (Rec. Doc. 62)** should be and hereby is **DENIED.**

**IT IS FURTHER ORDERED** that the  **Motion for Early Disclosure**

7

**of Jencks Act Material (Rec. Doc. 63)** should be and is hereby **DENIED.**

**IT IS FURTHER ORDERED** that the **Motion for Pre-Trial Disclosure of all evidence Which the Government Intends to Offer Pursuant to Rule 404(b) of the Federal Rules of Evidence (Rec. Doc. 64)** should be and is hereby **DENIED**.

New Orleans, Louisiana, this 28th day of March, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE