UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 06-92 |
| BRIAN EXPOSE | SECTION: "J" |

**ORDER AND REASONS**

Before the Court is a *Motion to Terminate Probation* **(Rec. Doc. 141)**, which the Court will construe as a *Motion for Early Termination of Supervised Release*, filed by *pro se* Petitioner Brian Expose. The Government opposed the motion (Rec. Doc. 147). Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that Mr. Expose's motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

In September of 2007, Defendant Brian Expose pleaded guilty as charged to the following five counts: (1) conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of cocaine base, or crack; (2) possession with intent to distribute fifty (50) grams or more of crack and a quantity of cocaine; (3) distribution of a quantity of crack; (4) being a felon in possession of seven firearms; and (5) possession of firearms in furtherance of a drug trafficking offense. On June 26, 2008, this Court sentenced Mr. Expose as a habitual offender to 300 months of imprisonment and a ten-year term of supervised release. Mr. Expose's sentence was

later reduced to 211 months of imprisonment pursuant to Section 404 of the First Step Act of 2018, with his supervised release term unaffected.

Mr. Expose completed his term of incarceration, and according to the United States Probation Office, he began his ten-year term of federal supervised release on March 15, 2021. (Rec. Doc. 147, at 1). Defendant filed the instant *pro se* motion on April 28, 2026, after being on supervised release for a little more than five years. The Government opposed the motion.

## LEGAL STANDARD

Under 18 U.S.C. § 3583(e), a sentencing court may modify a term of supervised release at any time after a defendant has served one year of release, "if [the court] is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In making its determination, a court should consider a variety of factors; generally, these factors concern the nature of the offense, the defendant's history, public safety, and the deterrent effect. *See* 18 U.S.C. § 3553. Moreover, courts have held that "'early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior.'" *United States v. Seymore*, No. 07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) (quoting *United States v. Smith*, No. 10-cr-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)). Abiding by the terms of supervised release is expected and required for all defendants, and mere compliance with the terms of supervised release does not justify early termination. *United States v. Hayes*, No. 01-311, 2013 WL 5328874, at *1 (E.D.

La. Sep. 20, 2013) (Barbier, J.); *United States v. Smith*, No. 10-cr-53, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014).

## DISCUSSION

In his motion, Mr. Expose does not provide any reason or explanation that would warrant early termination of his supervised release. In fact, the motion consists of only three sentences that read as follows: “I respectfully ask the court to terminate the remainder of my probation. I have become a model citizen and have maintain [sic] outstanding good behavior throughout my probation period. I respectfully ask the court again to consider terminating the remainder of my probation.” (Rec. Doc. 141, at 1). Maintaining “good behavior” is a requirement and expectation of supervised release. It does not constitute a sufficient reason for the court to terminate Mr. Expose’s supervised release early. Based on Mr. Expose’s motion, the Court is not satisfied that terminating his supervised release “is warranted by the conduct of the defendant released and the interest of justice.”

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Brian Expose’s *Motion for Early Termination of Supervised Release* **(Rec. Doc. 141)** is **DENIED**.

New Orleans, Louisiana, this 31st day of August, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE